FILED
U.S. DISTRICT COURT
     GEORGIA

03 MAY 29 PM 3:34

DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

LINDA DENT,                              *
                                         *
        Plaintiff,                       *
                                         *
v.                                       *     CIVIL ACTION NO.: 5:03-cv-0175-3(DF)
                                         *
AMERICAN INTERNATIONAL LIFE              *
ASSURANCE COMPANY OF NEW                 *
YORK,                                    *
                                         *
        Defendant.                       *

## NOTICE OF REMOVAL

Defendant American International Life Assurance Company of New York ("AI

Life"), pursuant to 28 U.S.C. §1446, hereby files this Notice of Removal of this case from the

Superior Court of Bibb County, Georgia, Case No. 03CV20185, where it is currently

pending, to the United States District Court for the Middle District of Georgia.  This cause is

removable pursuant to 28 U.S.C. §1331, in that Plaintiff's claims invoke the Court's federal

question jurisdiction under ERISA, and pursuant to 28 U.S.C. §1332, in  that there is

complete diversity of citizenship between Plaintiff and the properly named and served

Defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest

and costs.  AI Life respectfully shows the Court as follows:

    1.    Linda Dent ("Plaintiff"), in her capacity as the beneficiary of a life

insurance policy on the life of Wal-Mart employee Derrick Morgan ("Decedent"), instituted

this civil action in the Superior Court of Bibb County, Georgia, on April 22, 2003.

2.     A true and correct copy of all process and pleadings as served upon AI Life on April 29, 2003 is attached hereto as Exhibit "A" and is incorporated herein by reference.

3.     This action against AI Life could have been originally filed in this Court pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1), in that Plaintiff seeks to recover benefits under an employer-sponsored plan and for conduct related to the failure to pay benefits allegedly due to her under such employer-sponsored plan.   This action could also have been filed under 28 U.S.C. §1332 in that there is complete diversity of citizenship between Plaintiff and all properly named Defendants and the amount in controversy exceeds the jurisdictional threshold.

4.     This Notice of Removal is filed within thirty (30) days after receipt by any Defendant of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. §1446(b).

5.     The United States District Court for the Middle District of Georgia, Macon Division is a federal judicial district embracing the Superior Court of Bibb County, Georgia, where this suit was originally filed.   Venue is therefore proper under 28 U.S.C. §81(b)(1) and §1441(a).

<u>FEDERAL QUESTION</u>

6.     By seeking benefits under a term life insurance plan sponsored by decedent's employer, Wal-Mart Stores, Inc. ("Wal-Mart"), Plaintiff unveils ERISA as the legal foundation for her claims.  The Complaint invokes ERISA by demanding compensatory damages against the Defendant in Count I for breach of contract related to the failure to pay life insurance benefits under the life insurance plan. *See, e.g., Butero v. Royal Maccabees*

*Life Insurance Company*, 174 F.3d 1207 (11th Cir. 1999) (ERISA superpreemption applied where compensatory relief demanded by plaintiff was akin to a claim for plan benefits).

7.      The group life insurance plan in question is insured by AI Life pursuant to group disability policy number GL-10722-01 as issued to Wal-Mart Stores, Inc. as the policyholder, a copy of which is attached hereto as Exhibit "B".  A copy of the Group Term Life Insurance Certificate is attached hereto as Exhibit "C".  A copy of the Summary Plan Description for the Wal-Mart Plan is attached hereto as Exhibit "D".  A "Statement of ERISA Rights" is included within the SPD and describes the rights and protections afforded to plan participants, such as Decedent, under the Employee Retirement Income Security Act of 1974. Plaintiff's claim for additional life insurance benefits falls squarely within the jurisdiction of ERISA.  Wal-Mart is a corporation engaged in commerce or in an industry or activity affecting commerce within the meaning of 29 U.S.C. §1003(a)(1).  The group term life insurance plan, upon which Plaintiff's claims against Defendant is based, is part of an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

8.      In *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1211 (11th Cir. 1999), the Eleventh Circuit Court of Appeals established the following four factor test to determine when a plaintiff's claim for loss or denial of benefits is superpreempted due to Congress' creation of a comprehensive remedial scheme in 29 U.S.C. §1332.

A claim is completely preempted by ERISA "when the Plaintiff is seeking relief that is available under 29 U.S.C. §1132(a)." *Butero*, 174 F.3d at 1212 (internal quotations omitted).  Such relief is available if four requirements are met: there is a relevant ERISA plan, the plaintiff has standing to sue under that plan, the

defendant is an ERISA entity, and the complaint seeks compensatory relief akin

to that available under 29 U.S.C. §1332. *Id.*

These four requirements are all met in the present case. There is a relevant ERISA group life

insurance plan; Plaintiff is a beneficiary under that plan and thus is entitled to sue under it; AI

Life, the insurer Defendant that issued policy number GL-10722-0 is an ERISA entity; and the

complaint expressly seeks compensatory relief available under §1132(a).

9.      As noted above, Section 514 (a) of ERISA, (29 U.S.C. §1144) the

preemption clause, provides that the ERISA statute "supersede[s] any and all State laws insofar

as they...relate to any employee benefit plan". 29 U.S.C. §1144 (a) (emphasis added). The

ERISA statute broadly defines a "state law" as all "laws, decisions, rules, regulations or

other...actions having the effect of law." 29 U.S.C. §1144 (c). The United States Supreme

Court and the Eleventh Circuit liberally interpret the scope of ERISA's preemption clause,

extending the preemption doctrine to include virtually all state law claims arising out, or

relating to, participation in and administration of employee benefit plans. *Ingersoll-Rand Co.*

*v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 483 (1990) (ERISA preempts all state laws

"relating to" employee benefit plans "even if the law is not specifically designed to affect such

plans, or the effect is only indirect"); *FMC Corp. v. Holliday*, 498 U.S. 52, 111 S. Ct. 403,

407 (1990) ("The [ERISA] preemption clause is conspicuous for its breadth. It establishes as

an area of exclusive federal concern the subject of every state law that 'relates to' an employee

benefit plan governed by ERISA...A law relates to an employee benefit plan if it has 'a

connection with or reference to such a plan'.") (quoting *Shaw v. Delta Air Lines, Inc.*, 463

U.S. 85, 97, 103 S. Ct. 2890, 2900 (1983)) (emphasis added); *Pilot Life Ins. Co. v. Dedeaux*,

481 U.S. 41, 43, 107 S. Ct. 1549, 1551 (1987) (ERISA "preempts state common law tort and

contract actions asserting improper processing of a claim for benefits under an insured employee benefit plan").

The Eleventh Circuit similarly broadly interprets ERISA's expansive preemption clause. *See, e.g., Swerhun v. Guardian Life Ins. Co. of America*, 979 F.2d 195 (11th Cir. 1992) ("ERISA is a comprehensive statute that subjects employee benefit plans to federal regulation...The Supreme Court has noted that the preemption clause 'is conspicuous for its breadth'...and has instructed that the clause should be 'expansively applied'") (citations omitted); *First Nat. Life Ins. Co. v. Sunshine-Junior Food Stores, Inc.*, 960 F.2d 1546, 1550 (11th Cir. 1992), *cert. denied*, 506 U.S. 1079 (1993) ("Congress used the words 'relates to' in their broad sense and did not mean to preempt only state laws specifically designed to affect employee benefit plans...A state law relates to an employee benefit plan if it 'has a connection with or reference to such a plan'") (citations omitted); *Willett v. Blue Cross and Blue Shield of Alabama*, 953 F.2d 1335, 1341, n.6 (11th Cir. 1992) ("ERISA preempts all state laws 'insofar as they may now or hereafter relate to any employee benefit plan'... Any doubts regarding preemption are resolved by reference to the Supreme Court's observation that 'the preemption clause is conspicuous for its breadth'") (citations omitted); *Brown v. Connecticut General Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir. 1991) ("ERISA 'completely preempts' the area of employee benefits plans", therefore claims made under state law for benefits under an ERISA plan are converted to federal claims through ERISA 'super preemption') (citation omitted); *Farlow v. Union Cent. Life Ins. Co.*, 874 F.2d 791, 794 (11th Cir. 1989) (A "state law cause of action 'relates to' an employee benefit plan if the [defendant's] conduct giving rise to such claim was not 'wholly remote in content' from the benefit plan"); *Clark v. Coats & Clark, Inc.*, 865 F.2d 1237, 1243 (11th Cir. 1989) (ERISA preempts all state laws insofar as they

"relate to" employee benefit plans, even if those laws only indirectly regulate the plans.);

*Amos v. Blue Cross-Blue Shield of Alabama*, 868 F.2d 430, 431 (11th Cir. 1989), *cert. denied*,

493 U.S. 855, 110 S. Ct. 158 (1989) ("ERISA preemption is not a gateway but a barrier to

state law causes of action, the effect of which is to completely displace state law claims.");

*Howard v. Parisian, Inc.*, 807 F.2d 1560, 1563 (11th Cir. 1987) (ERISA preempts even state

laws that are consistent with the provisions of ERISA); *Jackson v. Martin Marietta Corp.*, 805

F.2d 1498, 1499 (11th Cir. 1986) ("[S]tate laws found to be beyond the scope of § 1144(a)

[ERISA's preemption clause] are few."). Moreover, the Eleventh Circuit has expressly held

that state law bad faith claims are preempted. *See Johnny Walker v. Southern Co. Services,*

*Inc.*, 279 F.3d 1289 (11th Cir. 2002); *Gilbert v. Alta Health and Life Ins. Co.*, 276 F.3d 1292

(11th Cir. 2001).

      10.    Accordingly, Plaintiff's state law claims against AI Life are completely

preempted by ERISA. *See also Pilot Life Ins. Co. v. Dedeaux*, 48 U.S. 41, 107 S.Ct. 1549

(1987) (ERISA preempts breach of contract and tortious breach of contract and emotional

distress claims related to denial of benefits); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58

1987). Plaintiff's remedy, if any, is limited to that provided by ERISA's civil enforcement

provisions, 29 U.S.C. §1132.

      11.    This Court has jurisdiction over the claims asserted by Plaintiff against

Defendant pursuant to 29 U.S.C. §1132(e)(1). Furthermore, Plaintiff's claim raises a federal

question over which this Court has original jurisdiction pursuant to 28 U.S.C. §1331.

      12.    This action is removable to this Court pursuant to 28 U.S.C. §1441(b),

because the claim against Defendant involves exclusive federal remedies available to

participants or beneficiaries under ERISA plans, pursuant to 29 U.S.C. §1132(a).

13.    The grounds for removal on the basis of ERISA are set forth above. This cause of action, which could have originally been filed in this Court, is subject to removal under 28 U.S.C. §1441(b) as an action arising under federal law.  Plaintiff's Complaint is also removable under 28 U.S.C. §1332 pursuant to the Court's diversity jurisdiction, as set forth below.

## DIVERSITY OF CITIZENSHIP

14.    Upon information and belief, Plaintiff Linda Dent is a citizen and resident of the State of Georgia.

15.    Defendant AI Life is a corporation with its principal place of business in New York, New York. Pursuant to 28 U.S.C. §1332(c)(1), AI Life is a citizen of the State of New York.  As a result, AI Life is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Georgia within the meaning of the Acts of Congress relating to the removal of cases.

16.    Diversity of citizenship is present because Plaintiff is a resident of Georgia and no properly named and served defendant in the case is a resident of Georgia.

## AMOUNT IN CONTROVERSY

17.    Plaintiff alleges a common law breach of contract claim in Count 2 of her Complaint and seeks a judgment for the "full amount of benefits under the life insurance contract," which Plaintiff claims is $200,000.  See Complaint at ¶18.  Moreover, Plaintiff seeks additional damages for bad faith penalties, interest, and attorney's fees to be determined by a jury.

18.    The $75,000 amount in controversy requirement is readily satisfied by Plaintiff's compensatory demand of $200,000 alone on the face of her Complaint under her

breach of contract count.  Plaintiff's claim for bad faith penalties, and for interest and attorney fees could only serve to increase this amount in controversy.

19.    For the foregoing reasons, the jurisdictional amount requirement for diversity jurisdiction is met in this case.

## MISCELLANEOUS

20.    A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of Bibb County, Georgia, as provided by law, and written notice is being sent to Plaintiff's counsel.

21.    Defendant has not sought similar relief.

22.    The prerequisites for removal under 28 U.S.C. §1441 have been met.

23.    The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Middle District of Georgia, and this cause is removable to the United States District Court for the Middle District of Georgia.

24.    If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

**WHEREFORE, PREMISES CONSIDERED,** Defendant American International Life Assurance Company of New York, by and through its counsel, desiring to remove this civil action to the United States District Court for the Middle District of Georgia, Macon Division, being the district and division for the county in which such civil action is pending, prays that the filing of this Petition for and Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Petition for and Notice of Removal

with the clerk of the Superior Court of Bibb County, Georgia, shall effect the removal of said

civil action to this Honorable Court.

This 29th day of _May_ , 2003.

_____
JOHN C. EDWARDS
State Bar No. 241200

_____
JOHN C. DANIEL, III
State Bar No. 204222

MARTIN SNOW, LLP
240 Third Street
P.O. Box 1606
Macon, GA 31202-1606
(478) 749-1700

Of Counsel:

William B. Wahlheim, Jr., Esq.
John David Collins, Esq.
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

                                        Attorneys for Defendant

## CERTIFICATE OF SERVICE

GEORGIA, BIBB COUNTY

      This is to certify that I have this day served the within and foregoing document upon:

Manley F. Brown, Esq.                      Warren Grice, Esq.
Jarome E. Gautreaux, Esq.             Law Office of Warren Grice
O'Neal, Brown & Clark, P.C.           830 Mulberry Street
544 Mulberry Street, Suite 1001      Suite 103
Macon, Georgia  31202                Macon, Georgia  3120

Gerald Mullis, Esq.
Gerald Mullis, P.C.
201 Second Street
BB&T Building
Macon, Georgia  31201

by depositing the same in the United States mail, properly addressed with sufficient

postage thereon to ensure delivery.

This 29th day of May, 2003.

                                                 JOHN C. DANIEL, III
                                                 State Bar No. 204222
                                                 Attorney for Defendant

MARTIN SNOW, LLP
240 Third Street
P.O. Box 1606
Macon, GA 31202-1606
(478) 749-1700

I:\pc42\Dent\removal.jointnotice.wpd